Steven T. Lovett, OSB No. 910701
stlovett@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
Telephone (503) 224-3380
Facsimile (206) 220-2480

William O. Ferron, Jr., Admitted *Pro Hac Vice*
BillF@SeedIP.com
Seed IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Telephone (206) 622-4900
Facsimile (206) 682-6031

Attorneys for Defendant
THE TOPLINE CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC. and ADIDAS AG,<br><br>Plaintiffs,<br><br>v.<br><br>THE TOPLINE CORPORATION, ,<br><br>Defendant. | Civil No. 04-CV-174-BR<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT THE TOPLINE CORPORATION'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

I.      Introduction and Summary of Argument ................................................. 1

II.     Procedural Background ........................................................................... 1

III.    Pertinent Facts ....................................................................................... 2

IV.     Legal Standards for Motion to Dismiss for Lack of Personal
        Jurisdiction ............................................................................................ 3

        A.      General Standards for Motion to Dismiss .................................... 3

        B.      Legal Standard for General Jurisdiction ...................................... 4

        C.      Legal Standard for Specific Jurisdiction ..................................... 4

V.      Neither General Nor Specific Personal Jurisdiction Exists Over Topline .............. 6

        A.      Topline Lacks the Continuous and Systematic Contacts With
                Oregon Needed to Establish General Personal Jurisdiction ......................... 6

        B.      None of the Three Requirements for Specific Personal
                Jurisdiction Over Topline Are Met Here ........................................ 7

                1.      Topline Has Not Performed Acts or Consummated
                        Transactions That Purposefully Availed It of the
                        Privilege of Conducting Business in Oregon ................................... 7

                2.      This Case Does Not Arise From Any Oregon-Related
                        Acts By Topline ...................................................................... 8

                3.      The Exercise of Personal Jurisdiction Over Topline Is
                        Unreasonable ........................................................................... 8

        C.      Adidas Cannot Rely on Unsupported Allegations in Its
                Complaint to Establish Personal Jurisdiction ............................... 9

        D.      Adidas Cannot Rely on Payless's Conduct to Establish Personal
                Jurisdiction Over Topline .......................................................... 9

VI.     Conclusion ............................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

*Adidas Am., Inc. v. Payless Shoesource, Inc.*,
   2008 WL 4279812 (D. Or. 2008) ....................................................1, 2

*American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*,
   94 F.3d 586, 588 (9th Cir. 1996) ....................................................3

*Brand v. Menlove Dodge*,
   796 F.2d 1070, 1073 (9th Cir. 1986) ...............................................4

*Bury v. Northern Outfitters, LLC*,
   2007 WL 1431958, at *3 (D. Or. 2007) ....................................3, 4, 5, 6

*Fujitsu-ICL Sys. Inc. v. Efmark Serv. Co. of Illinois*,
   2000 WL 1409760, at *5 (S.D. Cal. 2000) ..................................5, 7, 9

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
   284 F.3d 1114, 1123 (9th Cir. 2002) ...............................................5, 8

*Gray & Co. v. Firstenberg Mach. Co.*,
   913 F.2d 758, 760 (9th Cir. 1990) ....................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 414 (1984)...............................................................4, 6

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181, 185 (2nd Cir. 1998) ..................................................9

*Lehigh Val. Industries, Inc. v. Birenbaum*,
   527 F.2d 87, 94 (2nd Cir. 1975) ......................................................9

*Markey v. Kudelski S.A.*,
   2007 WL 1110787, at *1 (S.D. Cal. 2007)..........................................9

*Overton v. Vanzant*,
   2001 WL 1911359, at *3 (D. Or. 2001) .....................................3, 4, 5, 6, 9

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580, 588 (9th Cir. 1993) ..................................................4, 9

*Red Wing Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355, 1361 (Fed. Cir. 1998) ...............................................9

*Scott v. Breeland*,
   792 F.2d 925 (9th Cir. 1986) .........................................................6

*VCS Samoa Packing Company v. Blue Continent Products*,
   83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998) .......................................5

**RULES**

Fed. R. Civ. P. Rule 12(b)(2)......................................................................................3

Or. R. Civ. P. 4L........................................................................................................3

## I.   Introduction and Summary of Argument

Defendant The Topline Corporation ("Topline") seeks dismissal of this action for lack of personal jurisdiction.  The Complaint filed by Plaintiffs Adidas America, Inc. and Adidas AG (collectively "Adidas") should be dismissed because:

1.      Topline lacks the continuous and systematic contacts with Oregon needed to meet the high standard of general personal jurisdiction.

2.      Topline has no activities relevant to this dispute that invoke the benefits and protections of Oregon, and has done nothing in Oregon that gives rise to Adidas's claims.

Adidas cannot rely on the unsupported allegations in its Complaint (which mistakenly assert that Topline sold or distributed the shoes at issue in Oregon) to support personal jurisdiction.  Nor can it establish personal jurisdiction over Topline based on activities by Topline's customer Payless.

Absent personal jurisdiction over Topline, this case must be dismissed.

## II.   Procedural Background

Adidas's Complaint against Topline was filed on filed February 6, 2004 asserting claims of direct trademark and trade dress infringement.  All of Adidas's claims arise out of the marketing and sale of certain shoes by Payless Shoesource, Inc. ("Payless"), for which Adidas has already received an award of $65.3 million against Payless. *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 2008 WL 4279812 (D. Or. 2008).  Ferron Decl., ¶ 5.  The Payless lawsuit had been in process for over two years when Adidas sued Topline.

Shortly after the Complaint was filed, Topline alerted Adidas that (1) Topline was merely a buying agent that provided services to Payless and Topline did not manufacture,

distribute or sell any of the accused shoes as alleged in the Complaint, and (2) there was no personal jurisdiction over Topline in Oregon. Ferron Decl., ¶ 3.

Topline's time to respond to the Complaint was extended to June 4, 2004 by stipulation and order. (Clerk's Docket No. 11). Before Topline's response was due, the Court issued a partial summary judgment dismissing infringement claims by Adidas in the *Payless* case. Topline and Adidas agreed to stay the present action until the Ninth Circuit ruled on Adidas's interlocutory appeal in the *Payless* case. The parties filed a stipulated motion to stay the proceedings on June 1, 2004, which the Court granted via an Order staying the case. (Clerk's Docket No. 13). Topline did not file a response to the Complaint in view of the stay. Ferron Decl., ¶ 4.

The Ninth Circuit reversed the *Payless* summary judgment ruling on January 6, 2006. This case has remained stayed while Adidas pursued its claims against Payless.

The Court issued a Trial Management Order on September 15, 2008, removing the stay and setting discovery and trial dates, but not setting a date for Topline to respond to the Complaint. (Clerk's Docket No. 18). Topline now responds to the Complaint through this motion to dismiss.

### III.   Pertinent Facts

Topline is a Washington corporation with its sole place of business in Bellevue, Washington. Philby Decl., ¶ 2. Topline has never been registered to do business in Oregon and for the last 20 years has not had any customers, offices, bank accounts, telephone numbers, assets, warehouses, manufacturing facilities or employees in Oregon. Philby Decl., ¶ 4.

Topline acts as a buying agent for companies like Payless that purchase and sell in the US shoes manufactured abroad. Philby Decl., ¶ 3. Topline does not buy or sell

shoes—it performs buying agent services that assist its customers.  Philby Decl., ¶ 3.

Topline's customers purchase the shoes from the manufactures, import them into the US,

and sell them to consumers—not Topline.  Philby Decl., ¶ 3.

The accused shoes shown in the Complaint are Payless shoes—the same shoes

Adidas was compensated for in the $65.3 million award against Payless.  Ferron Decl.,

¶ 5.  Topline provided buying agent services to Payless for certain of the shoes subject to

the Payless award, but did not import or sell them as alleged in the Complaint.  Philby

Decl., ¶ 7.  None of Topline's buying agent services for the accused shoes took place in

Oregon.  Philby Decl., ¶ 6.

## IV.    Legal Standards for Motion to Dismiss for Lack of Personal Jurisdiction

### A.    General Standards for Motion to Dismiss

Rule 12(b)(2) provides for dismissal of an action where the court lacks personal

jurisdiction over a defendant.  Fed. R. Civ. P. Rule 12(b)(2).  As the plaintiff, Adidas

bears the burden of establishing that the district court in Oregon has personal jurisdiction

over the out-of-state defendant Topline.  *Overton v. Vanzant*, 2001 WL 1911359, at *3

(D. Or. 2001); *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*,

94 F.3d 586, 588 (9th Cir. 1996).

"Determining whether personal jurisdiction exists over an out-of-state defendant

involves two inquiries: whether the forum state's long-arm statute permits the assertion of

jurisdiction and whether assertion of personal jurisdiction violates federal due process."

*Overton*, 2001 WL 1911359, at *2.

"Because Oregon authorizes personal jurisdiction to the limits of federal due

process, the court may proceed directly to the federal due process analysis."  *Bury v.*

*Northern Outfitters, LLC*, 2007 WL 1431958, at *3 (D. Or. 2007); *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); Or. R. Civ. P. 4L.

"Due process requires that a defendant, if not present in the state, have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Overton*, 2001 WL 1911359, at *3 (internal quotation marks omitted). "Minimum contacts can be demonstrated through facts supporting either general or specific jurisdiction over the defendant." *Id.*; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "[O]nly contacts occurring prior to the event causing the litigation may be considered." *Overton*, 2001 WL 1911359, at *3.

## B.    Legal Standard for General Jurisdiction

"General jurisdiction exists when a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." *Bury*, 2007 WL 1431958, at *2 (internal quotation marks omitted).

"The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Id.*; *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

## C.    Legal Standard for Specific Jurisdiction

"Specific jurisdiction refers to a situation in which the cause of action arises directly from a defendant's contacts with the forum state." *Overton*, 2001 WL 1911359, at *4. To establish specific personal jurisdiction, the Ninth Circuit requires that each of the three requirements below be met:

> First, the defendant must perform some act or consummate some transaction within the forum by which it "purposefully avails" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum and having "fair warning" that a particular activity may subject it to jurisdiction.

Second, the claim must be one which arises out of or results from the defendant's forum-related activities.

Third, the court's exercise of jurisdiction must be reasonable.

*Id.* (emphasis added); *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

"Purposeful availment is shown if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Overton*, 2001 WL 1911359, at *4 (internal quotation marks omitted). "[T]he defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Fujitsu-ICL Sys. Inc. v. Efmark Serv. Co. of Illinois*, 2000 WL 1409760, at *5 (S.D. Cal. 2000).

"Contacts unrelated to the cause of action are not relevant to the jurisdictional inquiry." *Id.*; *VCS Samoa Packing Company v. Blue Continent Products*, 83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998)). Moreover, "contacts resulting from the unilateral activity of another party or third person are not attributable to a defendant." *Fujitsu-ICL Sys.*, 2000 WL 1409760, at *5 (internal quotation marks omitted).

"The court applies a 'but for' test to determine whether a claim arises out of a defendant's forum-related activities." *Bury*, 2007 WL 1431958, at *4. To demonstrate that plaintiff's cause of action arises out of or results from defendant's forum-related contacts, plaintiff must show that "but for" defendant's contacts with the forum state, its claims would not have arisen. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

Finally, if, <u>and only if</u>, the first two elements of the test are met, the Court must consider whether exercising personal jurisdiction over the defendant would be reasonable. To determine reasonableness, the court should consider: (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant to defend the action

in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for resolving the dispute; (6) the importance of the chosen forum to affording plaintiff effective and convenient relief; and (7) the existence of an alternative forum. *Bury*, 2007 WL 1431958, at *4.

## V.    Neither General Nor Specific Personal Jurisdiction Exists Over Topline

Topline, an out-of-state defendant with no contacts in Oregon, has insufficient contacts to meet the due process standards of personal jurisdiction under either the general or specific jurisdiction theories.

### A.    Topline Lacks the Continuous and Systematic Contacts With Oregon Needed to Establish General Personal Jurisdiction

Topline has not had continuous and systematic contacts with Oregon sufficient to establish general personal jurisdiction. Topline is a Washington corporation with its only place of business in Bellevue, Washington. Philby Decl., ¶ 2. Topline has never been registered to do business in Oregon and for the last 20 years has not had any customers, offices, bank accounts, telephone numbers, assets, warehouses, manufacturing facilities or employees in Oregon. Philby Decl., ¶ 4.

To the extent Adidas may attempt to rely on isolated or sporadic contacts with Oregon, such contacts are insufficient to establish general jurisdiction over Topline. *See Helicopteros*, 466 U.S. at 415-17. Occasional sales or contacts in Oregon are insufficient to meet the high bar of substantial, continuous and systematic contacts sufficient to establish general personal jurisdiction. *Overton*, 2001 WL 1911359, at *4 (discussing *Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986)).

Accordingly, Adidas cannot establish the existence of general personal jurisdiction over Topline in this district.

### B.    Topline Does Not Meet the Ninth Circuit Test for Specific Personal Jurisdiction

Topline's activities with respect to the accused shoes have no connections with Oregon, compelling a finding of no personal jurisdiction over Topline.  Looking to the Ninth Circuit's test:

#### 1.    Topline Has Not Performed Acts or Consummated Transactions That Purposefully Availed It of the Privilege of Conducting Business in Oregon

Topline's acts and transactions relative to the Payless shoes accused in the Complaint entail providing buying agent services from its place of business in Bellevue, Washington to Payless, which is based in Topeka, Kansas.  Philby Decl. ¶ 8.  Topline employees traveled to factories in China, but had no contacts with Oregon in connection with the accused Payless shoes.  Philby Decl. ¶¶ 8-9.

Topline has taken no steps to purposely avail itself of the privileges, benefits or protections of performing business in Oregon.  Philby Decl. ¶ 10.  Nor did Topline have any expectation that by doing business with Payless, a customer based in Kansas, would subject Topline to lawsuits in Oregon.  Philby Decl. ¶ 10.

Adidas cannot meet its burden of showing purposeful availment or that Topline has engaged in deliberate action or created continuing obligations in Oregon related to this lawsuit.  In contrast, Topline has presented uncontroverted evidence that it has no sufficient contacts with Oregon.  For this reason alone, Topline's motion to dismiss should be granted.  *Fujitsu-ICL Sys.*, 2000 WL 1409760, at *6 (failure to meet first prong of specific personal jurisdiction test is grounds to dismiss without further analysis).

### 2.    *This Case Does Not Arise From Any Oregon-Related Acts By Topline*

Topline has not engaged in any forum-related activities that give rise to Adidas's claims. Topline's buying agent activities for the accused shoes took place in Washington, Kansas and China and have no connection to Oregon. Topline has not sold or distributed shoes in Oregon as alleged in the Complaint. (See Section V.C., below.)

Applying the Ninth Circuit's "but for" test to determine whether Adidas's claims arise out of a Topline's forum-related activities requires Adidas to show that "but for" Topline's contacts with Oregon, Adidas's claims would not have arisen. *Glencore Grain Rotterdam*, 284 F.3d at 1123. Lacking relevant contacts with Oregon, it is clear the "but for" test cannot be met.

Because Adidas cannot satisfy the second prong of the specific personal jurisdiction test, its Complaint must be dismissed for lack of personal jurisdiction.

### 3.    *The Exercise of Personal Jurisdiction Over Topline Is Unreasonable*

The Ninth Circuit test is clear—if either of the first two prongs of the specific personal jurisdiction test are not met, there is no specific personal jurisdiction. Absent general personal jurisdiction, the case must be dismissed. Only if both the first two prongs are met, does the Court need to evaluate the reasonableness of exercising personal jurisdiction.

Here, neither of the first two prongs are met and there is no basis for general personal jurisdiction. The Court need go no further as it is already clear that there is no basis to exercise personal jurisdiction over Topline.

### C.    Adidas Cannot Rely on Unsupported Allegations in Its Complaint to Establish Personal Jurisdiction

Adidas's Complaint makes jurisdictional assertions that are flatly wrong and for which there is no evidentiary support, alleging that Topline "has distributed or sold infringing merchandise within this State" or "has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction." Compl. ¶ 4. These conclusory allegations cannot meet Adidas's burden of establishing a prima facie case of personal jurisdiction. *Fujitsu-ICL Sys.*, 2000 WL 1409760, at *4; *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2nd Cir. 1998) (conclusory affidavit that merely repeated language from personal jurisdiction precedents insufficient to establish personal jurisdiction); *Lehigh Val. Industries, Inc. v. Birenbaum*, 527 F.2d 87, 94 (2nd Cir. 1975).

In order to establish jurisdiction, Adidas "must assert particular facts which establish the necessary ties between the defendant and the forum state." *Markey v. Kudelski S.A.*, 2007 WL 1110787, at *1 (S.D. Cal. 2007); *See Jazini*, 148 F.3d at 185; *Lehigh*, 527 F.2d at 94.

### D.    Adidas Cannot Rely on Payless's Conduct to Establish Personal Jurisdiction Over Topline

Adidas cannot rely on Payless's conduct to establish personal jurisdiction over Topline. Topline is not subject to specific personal jurisdiction in every state because it happened to do business with a company that has a nationwide presence. *Overton*, 2001 WL 1911359, at *1; *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Red Wing Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) (the owner of a patent that licensed the patent to companies doing business nationwide could not be subjected to personal jurisdiction in every state on that basis).

## VI.    Conclusion

For all the foregoing reasons, Topline's motion to dismiss for lack of personal jurisdiction should be granted.

DATED this ⟨2nd⟩ day of October, 2008.

Respectfully submitted,

STOEL RIVES LLP

Steven T. Lovett, OSB No. 910701
stlovett@stoel.com
Telephone (503) 224-3380

William O. Ferron, Jr., Admitted *Pro Hac Vice*
Seed IP Law Group PLLC
BillF@SeedIP.com
Telephone (206) 622-4900

*Attorneys for Defendant The Topline Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF THE TOPLINE CORPORATION'S MOTION TO DISMISS** on the following named persons on the date indicated below by

| | |
|---|---|
| ☐ | By **First Class Mail** in a sealed, class postage-prepaid envelope deposited with the U. S. Postal Service at Seattle, Washington. |
| ☐ | By **Email Transmission** |
| X | By **CM/ECF**. |
| ☐ | By Hand Delivery |
| ☐ | By Overnight Delivery |

to said persons a true copy thereof, contained in a sealed envelope, addressed to said persons at his or her last-known addresses indicated below:

Stephen M. Feldman
Perkins Coie LLP
1120 NW Couch St, 10th Floor
Portland, OR  97209-4128

William H. Brewster
R. Charles Henn, Jr.
Kilpatrick Stockton LLP
1100 Peachtree Street, Ste 2800
Atlanta, GA  30309

Attorneys for Plaintiffs

DATED:  October 2, 2008

By _____
   Steven T. Lovett

Page 1 – CERTIFICATE OF SERVICE